UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:10-CV-00142-BR

| | | |
|---|---|---|
| PETER S. JASION, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNETH R. LAY et al., | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' 14 June 2010 motion to dismiss and defendants' 13 August 2010 motion to stay discovery. Both motions have been fully briefed and are ripe for decision.

## I. FACTUAL AND PROCEDURAL HISTORY

On 11 February 2010, defendant Yokely and two other officers arrested plaintiff pursuant to warrants charging plaintiff with three counts of attempting to evade or defeat a tax pursuant to N.C. Gen. Stat. § 105-236(a)(7), a Class H felony. (Compl. ¶ III.C.1). Plaintiff contends defendants violated North Carolina's statutory scheme for civil assessment of taxes by failing to comply with its procedural requirements prior to initiating criminal charges against plaintiff. (Id. ¶¶ III.C.2-5; see also Resp. at 9). All named defendants are either past or present agents, employees, or officials of the North Carolina Department of Revenue ("NC DOR"). (Compl. ¶ I). Plaintiff is proceeding as a *pro se* litigant.

On 12 April 2010, plaintiff filed this action against defendants, alleging due process violations and seeking damages pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986. Plaintiff is suing defendants in their individual capacities, alleging defendants failed to follow the civil tax assessment procedural requirements. Specifically, plaintiff alleges he was never issued a

"Notice of Proposed Income Tax Assessment" for tax year 2008, as required by N.C. Gen. Stat. § 105-241.9(c).[1] (Id. ¶ III.C.2). Furthermore, while plaintiff acknowledges that he was issued notices of assessment for tax years 2006[2] and 2007, he claims that his "Objection and Request for Departmental Review" was never heard by NC DOR officials, as required by N.C. Gen. Stat. § 105-241.13(a).[3] (Id. ¶ III.C.3). Plaintiff contends that defendants' failure to follow these procedures for tax assessment made his arrest on the three criminal charges unlawful. (Id. ¶ III.C.7).

On 14 June 2010, defendants filed the instant motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On 9 July 2010, plaintiff filed a

---

[1]This statute provides:
> The Secretary must give a taxpayer written notice of a proposed assessment. The notice of a proposed assessment must contain the following information:
> (1) The basis for the proposed assessment. The statement of the basis for the proposed assessment does not limit the Department from changing the basis.
> (2) The amount of tax, interest, and penalties included in the proposed assessment. The amount for each of these must be stated separately.
> (3) The circumstances under which the proposed assessment will become final and collectible.

N.C. Gen. Stat. § 105-241.9(c).

[2]Plaintiff did not receive notice for the 2006 tax year until 2009. (Compl. ¶ III.C.3). Until the end of 2007, the notice of proposed assessment requirement was set forth in former N.C. Gen. Stat. § 105-241.1(a), which provided:
> If the Secretary discovers that any tax is due from a taxpayer, the Secretary must notify the taxpayer in writing of the kind and amount of tax due and of the Secretary's intent to assess the taxpayer for the tax. The notice must describe the basis for the proposed assessment and identify the amounts of any tax, interest, additions to tax, and penalties included in the proposed assessment.

That statute was repealed effective 1 January 2008. Because the notice for the tax year 2006 did not issue until 2009, such notice was issued pursuant to the notice statute then in effect, that is N.C. Gen. Stat. § 105-241.9. Although the two statutes do not differ in significant respect, plaintiff takes issue with the fact that the notice for tax year 2006 was not issued pursuant to former N.C. Gen. Stat. § 105-241.1. (Compl. ¶ III.C.5).

[3]If a taxpayer timely files a request for review of a proposed assessment, the NC DOR is required to conduct a review and "(1) Grant the refund or remove the assessment[;] (2) Schedule a conference with the taxpayer[; or] (3) Request additional information from the taxpayer concerning the requested refund or proposed assessment." N.C. Gen. Stat. § 105-241.13(a).

2

memorandum in response to defendants' motion to dismiss.[4]  On 13 August 2010, defendants filed the instant motion to stay discovery pending resolution of defendants' motion to dismiss, to which plaintiff has filed a response.

## II.  ANALYSIS

### A.  *Subject Matter Jurisdiction*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be found.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Defendants contend 28 U.S.C. § 1341, the Tax Injunction Act ("TIA"), deprives this court of subject matter jurisdiction over plaintiff's claims.  Pursuant to the TIA, federal courts are barred from exercising jurisdiction to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  Defendants also rely on Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 107, 116 (1981), where the Supreme Court held (without reaching the question of whether the TIA alone applies) that a taxpayer suit filed in federal court under 42 U.S.C. § 1983 challenging the validity of a state tax system is barred by

---

[4]In his response, plaintiff claims that the North Carolina Attorney General and his Special Deputy lack standing to represent defendants in this case.  (Resp. at 4).  Given that all defendants were employees of the NC DOR at the time of the acts complained of, (Compl. ¶¶ I.B.-G.), the Attorney General and his deputies may serve as counsel for defendants, see N.C. Gen. Stat. §§ 114-2, 114-4.

the principle of comity, provided state "remedies are plain, adequate, and complete." See also DIRECTV, Inc. v. Tolson, 513 F.3d 119, 124 (4th Cir. 2008).

"As far-reaching as the [TIA]'s exclusion of jurisdiction is, however, it is not without limits." Johnson Controls, Inc. v. Kentucky, No. 3:07-CV-65, 2008 WL 594467, at *7 (E.D. Ky. Feb. 29, 2008). The Supreme Court in Hibbs v. Winn, 542 U.S. 88, 107 (2004), noted that it has applied the TIA only in "cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes." If the plaintiff is not seeking to restrain the collection, levy, or assessment of the tax owed, then the TIA is inapplicable. See id. at 99 ("To determine whether this litigation falls within the TIA's prohibition, it is appropriate, first, to identify the relief sought."); Luessenhop v. Clinton County, NY, 466 F.3d 259, 265 (2d Cir. 2006) ("At a minimum, . . . Hibbs unambiguously [held] that summarily dismissing plaintiffs' causes of action because they pertain to state tax administration in the most general sense would be a patent misreading of the TIA. . . . Hibbs . . . explain[s] that Congress' intent in enacting the TIA was the prevention of a particular evil; namely, using federal courts as a vehicle to bring suits challenging the validity or amount of a particular tax assessed against an individual person or entity."); ACLU of Tenn. v. Bredesen, 441 F.3d 370, 373 n.1 (6th Cir. 2006) (recognizing that it is "at least questionable" whether the TIA would apply to cases where parties "are not seeking to avoid paying" a tax).

In this action, plaintiff does not dispute his tax liability, and he is not seeking to avoid payment of his tax liability. Plaintiff's prayer for relief and allegations illustrate this conclusion. Plaintiff largely seeks compensatory damages, such as expenses related to securing a bail bond and hiring a criminal defense attorney, allegedly incurred as a result of the pending criminal

4

prosecution in state court. (Compl. at 11). Plaintiff does not attack the validity of North Carolina's tax code. Rather, plaintiff's claims center on defendants' "[c]ollective acts of commission and omission" in failing to follow North Carolina's clearly established civil assessment procedures. (Id. ¶ III.C.9.a, c). Because plaintiff does not attack the validity of the state tax statutory scheme itself or his liability thereunder, the court finds it possesses subject matter jurisdiction over plaintiff's claims. See Mom's Inc. v. Weber, 951 F. Supp. 92 (E.D. Va. 1996) (holding the TIA did not bar the plaintiffs' claim that the tax officials' search of the plaintiff's homes and businesses violated the Fourth and Fourteenth Amendments; quoting with approval Fulton Market Cold Storage Co. v. Cullerton, 582 F.2d 1071, 1079 (7th Cir. 1978): the TIA "only bars certain forms of relief; it does not serve to deprive a federal court of jurisdiction of all actions merely because the defendant is a state . . . tax official. If a state . . . tax official intentionally violates a plaintiff's constitutional rights, he may be held liable for an action for damages."). The court will proceed to consider defendants' Rule 12(b)(6) challenge.

### B. Failure to State a Claim Upon Which Relief Can be Granted

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)) (internal quotations and emphasis omitted). The facts alleged must be enough to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court will view the complaint in the light most favorable to the plaintiff and accept as true all well-pled factual allegations in the complaint. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Furthermore, "a *pro se* complaint, however inartfully pleaded, must be held to less

5

stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

Defendants contend tax officials are "entitled to use either or both civil or criminal statutory procedures" to enforce North Carolina's tax code. (Mem. Supp. Mot. Dismiss at 5). Thus, defendants argue, state officials are not required to exhaust available civil remedies before pursuing criminal penalties to enforce the tax laws.[5] (Id. at 4). Defendants rely on State v. Davis, 386 S.E.2d 743 (N.C. Ct. App. 1989), to support this contention.

In Davis, 386 S.E.2d at 744, the defendant was charged with attempting to evade or defeat a tax in violation of N.C. Gen. Stat. § 105-236(7) and with failing to file a return in violation of N.C. Gen. Stat. § 105-236(9).[6] He was convicted, and on appeal he argued that the trial court erred in denying his motion to dismiss the criminal charges because the State failed to comply with the civil notice provision under N.C. Gen. Stat. § 105-241.1 (now § 105-241.9 and discussed supra note 2). Id. at 746. Specifically, the defendant claimed, "the State failed to give the required notice, violating his right to procedural due process." Id. The court disagreed:

> Our state tax laws, like the federal tax statutes, impose both civil and criminal sanctions. N.C.G.S. § 105-241.1 addresses only the civil assessment of taxes and is fully independent of the criminal offenses set forth in N.C.G.S. § 105-236(7) and (9), under which Mr. Davis was charged. Appellant was entitled to and received all the due process protections of a person charged under a criminal statute. He was not entitled to any procedural protections offered under the civil assessment statute.

---

[5] Defendants advance this argument in the "Subject Matter Jurisdiction" section of their memorandum. This argument is more appropriately considered in determining whether plaintiff has properly stated a claim for relief.

[6] In 2006, after Davis, N.C. Gen. Stat. § 105-236 was amended to add subdivisions. See 2006 N.C. Sess. Laws 2006-162 § 12(b). The former version at issue in Davis does not differ in any significant respect from the current version under which plaintiff was charged, N.C. Gen. Stat. § 105-236(a)(7).

6

Id. at 747; see also Butler v. Elle, 281 F.3d 1014, 1023 (9th Cir. 2002) (holding, after his acquittal on criminal charges for evading state sales and use taxes and in his subsequent § 1983 action, the plaintiff's procedural due process rights were not violated by Idaho civil procedures for assessing and collecting such taxes; neither "Idaho law– [n]or, certainly federal constitutional law– require[s] a governmental unit to follow the civil administrative process for tax assessment and collection as a prerequisite to proceeding under the criminal statutes.").

In the present case, plaintiff only alleges violations of the procedures in North Carolina's civil tax assessment statutes. The court has not located any North Carolina authority, and plaintiff points to none, which requires the State to complete civil enforcement of tax law violations, once begun, before initiating prosecution for crimes based on those violations. The court finds that plaintiff cannot show his due process rights were violated by the state's failure to follow through with the civil tax assessment procedures prior to prosecuting plaintiff for tax-related crimes. Therefore, plaintiff has failed to state a claim under 42 U.S.C. § 1983. Because the § 1983 claim fails, plaintiff's claims under §§ 1985(3) and 1986, all based on the same conduct, likewise fail.

Finally, plaintiff requests that if this court finds the complaint deficient, plaintiff should be allowed to amend his complaint. However, an amendment would be futile because plaintiff does not offer any other facts or argument which would suggest any other avenue for relief. See Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009) (leave to amend may be denied when amendment would be futile).

7

## III. CONCLUSION

Based on the foregoing reasons, defendants' motion to dismiss is GRANTED, and, as such, defendants' motion to stay discovery is DENIED AS MOOT. This action is hereby DISMISSED.

This 7 October 2010.

W. Earl Britt
Senior U.S. District Judge